IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL FINANCIAL PARTNERS CORP., | ) ) ) | CASE NO. 1:14 CV 1297 |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| | ) | **MEMORANDUM OPINION AND** |
| RICHARD T. HEFFERN, | ) ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This diversity action arising out of an alleged breach of contract and default on a promissory note.[1] Before me[2] now is a motion by plaintiff National Financial Partners Corp. ("NFP") for summary judgment under Rule 56 of the Federal Rules of Civil Procedure against defendant Richard T. Heffern.[3] Heffern has not responded to the motion. For the reasons that follow, NFP's motion will be granted.

## Facts

The relevant Rule 56 facts in this matter are neither complex nor disputed.

---

[1] ECF # 1.

[2] The parties have consented to my exercise of jurisdiction. ECF # 16.

[3] ECF # 26.

In August, 2009, Heffern agreed to purchase a half interest in The Financial Group LLC from NFP.[4] In exchange for this interest, Heffern executed a promissory note for $2,031,675 in favor of NFP, which note obligated Heffern to make 10 annual installment payments of $185,000 to NFP beginning in September, 2010.[5] Those annual payments were to be comprised of two parts: first, Heffern would essentially assign a portion of his revenue from The Financial Group LLC to NFP, and then, if that assignment was insufficient, Heffern was to personally pay the difference.[6]

Moreover, the terms of the promissory note provide that if Heffern failed to make any of the total annual payments on time, NFP could accelerate the debt, and require immediate full payment of the entire amount.[7] In addition, the note also provides that if NFP incurs any attorneys' fees in seeking to enforce the note, Heffern is liable for payment of such fees.[8]

---

[4] ECF # 1 (complaint) at ¶ 6; ECF # 9 (answer) at ¶ 6. Due to confidentiality provisions, both the actual purchase agreement and the promissory note are filed here under seal. ECF # 13.

[5] ECF # 1 at ¶¶ 8,9; ECF # 9 at ¶¶ 8,9.

[6] ECF # 1 at ¶ 11; ECF # 9 at ¶ 11.

[7] ECF # 1 at ¶ 14; ECF # 9 at ¶ 14.

[8] ECF # 1 at ¶¶ 16, 36; ECF # 9 at ¶¶ 16, 36.

Here, all parties agree that Heffern received the fifty percent interest in The Financial Group LLC that he bargained for in the purchase agreement[9] but that he then failed to make the full annual repayments required under the promissory note.[10]

## Analysis

**A.     Standard of review – summary judgment**

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[12]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[13] Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[9] ECF # 1 at ¶ 19; ECF # 9 at ¶ 19.

[10] ECF # 1 at 11; ECF # 9 at ¶ 11.

[11] Fed. R. Civ. P. 56(c).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[13] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[14] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[15]

The court should grant summary judgment if a party who bears the burden of proof at trial establishes each essential element of his case.[16] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[17]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[18] The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury."[19] Moreover, if the nonmovant presents evidence "merely colorable" or not "significantly probative," the court may decide the legal issue and grant summary judgment.[20] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[21]

---

[14] *Id.* at 252.

[15] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[16] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[17] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[18] *Id.* at 256.

[19] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[20] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[21] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[22]

**B.      NFP is entitled to summary judgment**

*1.      Breach of contract*

Under Ohio law, breach of contract plaintiffs must prove four standard elements. The plaintiff must prove that a contract existed, that the plaintiff performed under the terms of the contract, that the defendant breached the contract and that the plaintiff suffered damages as a result of the defendant's breach.[23] Each of these elements in turn contains its own set of elements. A contract requires offer, acceptance, and consideration as well as a manifestation of mutual assent and a meeting of the minds as to the contract's essential terms.[24] Performance and breach are mirror images of one another. It has long been settled that "a breach occurs when a party fails, without legal excuse, to perform a promise that forms a whole or part of a contract."[25] Performance is the absence of breach, or a party fulfilling the

---

[22] *Anderson*, 477 U.S. at 250.

[23] *Jarupan v. Hanna*, 173 Ohio App. 3d 284, 294, 878 N.E.2d 66, 73 (App. Ct. 2007) (citing cases).

[24] *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3-4, 770 N.E.2d 58, 61 (App. Ct. 2002) (citing cases).

[25] *Landis v. William Fannin Builders, Inc.*, 193 Ohio App. 3d 318, 327, 951 N.E.2d 1078, 1086 (App. Ct. 2011).

promise within a contract. With respect to the plaintiff's damages, the defendant is only liable for damages proximately resulting from the defendant's breach of contract.[26]

Based on the undisputed facts cited above, and on the affidavit of NFP's records custodian attached to the motion, NFP has established that:

- a. a purchase agreement contract existed between NFP and Heffern;

- b. NFP performed under that agreement by conveying to Heffern a fifty percent ownership interest in The Financial Group LLC, and that Heffern received that interest from NFP;

- c. Heffern was required to make the specified annual payments to NFP under the terms of the purchase agreement and promissory note;

- d. Heffern has, to date, only paid $77,228.92 of the outstanding obligation by means of his assignment to NFP of portions of the revenue from The Financial Group LLC;

- e. NFP, in accordance with the purchase agreement, on September 21, 2010, gave notice to Heffern that he was in breach of the agreement by reason of his default; and

- f. even after notifying Heffern of his breach, NFP has received no additional payments due under the agreement.[27]

Although Heffern has not responded directly to this motion, he has argued in his answer and in his responses to NFP's interrogatories, that NFP itself breached the agreement.[28] However, these allegations are not supported by any Rule 56 evidence and so have no bearing on the disposition of NFP's motion for summary judgment.

---

[26] *Meyer v. Chieffo*, 193 Ohio App. 3d 51, 65, 950 N.E.2d 1027, 1039 (App. Ct. 2011).

[27] *See*, ECF # 26 at 6-7 (citing record).

[28] *Id.* at 7-8 (citing record).

Thus, the uncontroverted facts are that Heffern breached his agreement with NFP and that the money damages attributable to that breach total $1,954,446.08.[29] Although NFP re-asserts that the agreement authorizes it to recover the expenses, including attorney fees, associated with collecting damages from Heffern, it does not seek such an award, but limits its request here to the unpaid amount under the purchase agreement.[30]

## 2.   *The promissory note*

As noted by NFP, a finding that Heffern breached the purchase agreement by failing to comply with the obligation to make payments to NFP as set forth in that agreement necessarily compels the conclusion that he also breached the promissory note with NFP.[31] Indeed, because Ohio considers promissory notes to be contracts as a matter of law,[32] the facts recounted above in proof of Heffern's breach of contract now also support NFP's motion for summary judgment regarding Heffern's breach of the promissory note.

## Conclusion

For the reasons stated above, NFP's motion for summary judgment on all claims is granted. Accordingly, it is entitled to recover $1,954,446.08 from Heffern by reason of his breach of the relevant purchase agreement and promissory note.

---

[29] *Id.* at 8.

[30] *Id.* at 8 n.5.

[31] *Id.* at 8.

[32] *Cranberry Financial, LLC v. S&V Partnership*, 186 Ohio App. 3d 275, 276, 927 N.E.2d 623, 624 (App. Ct. 2010).

IT IS SO ORDERED.

Dated: May 8, 2015                                   s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge